```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
JEAN CHARLES QUARRATO, et al.,                               :
                                       Plaintiffs,           :
                  -against-                                  :     23 Civ. 5594 (LGS)
                                                             :
MADISON GLOBAL LLC, et al.,                                  :            ORDER
                                       Defendants.           :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, on June 29, 2023, Plaintiffs initiated this action, seeking relief against their former employers under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law ("NYLL").

WHEREAS, on September 28, 2023, Defendant Madison Global LLC (the "Corporate Defendant") petitioned for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, this action was automatically stayed as to the Corporate Defendant pursuant to 11 U.S.C. § 362, and Defendants requested a stay of the entire action.

WHEREAS, on October 12, 2023, Plaintiffs filed a letter objecting to extending the automatic stay to Defendants Thomas Makkos and Marcia Maksymowcz (the "Individual Defendants") and requesting that the case against the Individual Defendants proceed.

WHEREAS, on October 19, 2023, Defendants filed a letter stating that the Corporate Defendant moved before the Bankruptcy Court "to convert its original Chapter 7 petition to a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*"

WHEREAS, Defendants reiterated their request to extend the automatic bankruptcy stay to the Individual Defendants, arguing, *inter alia*, that (1) the Corporate Defendant's Operating Agreement -- which Defendants are unable to locate -- includes "provisions instilling an indemnification obligation upon the Corporate Defendant towards the Individual Defendants," (2) the Corporate Defendant may be burdened by participating in discovery for claims against the

Individual Defendants, (3) a finding of liability as to the Individual Defendants could prejudice the Corporate Defendant and (4) the Corporate Defendant is the real party defendant due to the relationship and identity between the Corporate Defendant and the Individual Defendants.

WHEREAS, by its terms, section 362(a) of the Bankruptcy Code applies only to debtors, property of the debtor, or property of the estate, and does not apply to stay proceedings against non-debtors.  11 U.S.C. § 362(a) ("A petition [for bankruptcy protection] operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . .").  However, "[t]he automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate."[1] *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *accord Hong. v. Mommy's Jamaican Mkt. Corp.*, No. 20 Civ. 9612, 2023 WL 3568807, at *2 (S.D.N.Y. May 18, 2023). Examples of immediate adverse economic consequences recognized by the Second Circuit include "a claim to establish an obligation of which the debtor is a guarantor" and "actions where there is such identity between the debtor and the [non-debtor] that the debtor may be said to be the real party defendant." *Queenie, Ltd.*, 321 F.3d at 287-88; *accord Santa Rosa Mall, LLC v. Sears Holding Corp.*, No. 20 Civ. 3923, 2021 WL 4429507, at *6 (S.D.N.Y. Sept. 27, 2021).

WHEREAS, "where the debtor and non-debtor codefendant are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor."  *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) (finding no prejudice to amend complaint because automatic stay from filing of Chapter 13 bankruptcy petition did not extend to non-bankrupt joint employers in FLSA and NYLL action); *accord*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

*Hong*, 2023 WL 3568807, at *2 (declining to extend automatic stay from filing of Chapter 13 bankruptcy petition to non-debtor joint employers in FLSA and NYLL action).

WHEREAS, even if the Operating Agreement contains an indemnification provision, "[t]he fact that a Debtor may have to indemnify a third-party is alone not a sufficient basis to extend the automatic stay to that party." *In re SDNY 19 Mad Park, LLC*, No. 14 Bk. 11055, 2014 WL 4473873, at *2 (Bankr. S.D.N.Y. Sept. 11, 2014). Rather, the moving party must prove that "the justification for extending the stay [is] consistent with the purpose of the stay itself, which is to suspend actions that pose a serious threat to a corporate debtor's reorganization efforts." *Id.*; *see also Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 Civ. 4650, 2014 WL 4783008, at *3 (S.D.N.Y. Sept. 25, 2014). Furthermore, courts in this Circuit have held that indemnification may be unavailable or unenforceable in FLSA and NYLL actions. *See, e.g.*, *Mitropoulos v. 401 Sunrise Corp.*, No. 17 Civ. 3618, 2019 WL 2452348, at *1 (E.D.N.Y. June 12, 2019) (finding non-debtor "legally foreclosed from seeking indemnification" because "there is no right to contribution or indemnification for employers held liable under the FLSA" and "[c]ourts in this circuit have similarly rejected claims for indemnification under NYLL").

WHEREAS, 11 U.S.C. § 362(a) "does not prevent litigants from obtaining discovery from a debtor as a third-party witness where the requests pertain to claims against non-debtor parties." *Metier Tribeca, LLC*, 2014 WL 4783008, at *5. "Instead, in situations where third-party discovery of a debtor could burden the bankruptcy proceeding, courts have generally placed the onus on the debtor to seek injunctive relief, rather than requiring the party requesting discovery to obtain a lift of the bankruptcy stay." *Id.*

WHEREAS, an ownership interest in a debtor defendant does not automatically render the debtor defendant "the real party defendant." *Queenie*, 321 F.3d at 288; *see Fratto v. D. Wilson Electric, Inc.*, No. 15 Civ. 7966, 2016 WL 524651, at *2 (S.D.N.Y. Feb. 5, 2016) ("[The

3

Corporate Defendant], a corporation, obviously does not own [the Individual Defendants] . . . . A judgment against any of the non-debtor defendants would not diminish or create a financial obligation for [the Corporate Defendant's] bankruptcy estate.").

WHEREAS, Defendants have failed to show that declining to extend the automatic bankruptcy stay to the Individual Defendants would pose an "immediate adverse economic consequence" to the Corporate Defendant's estate. *See Queenie*, 321 F.3d at 287.  It is hereby

**ORDERED** that Defendants' motion to extend the automatic bankruptcy stay to the Individual Defendants and stay the entirety of this action is **DENIED**.  For clarity, this action is stayed as to Defendant Madison Global LLC alone.  It is further

**ORDERED** that Plaintiff's motion to file a sur-reply to Defendants' reply letter in support of Defendants' motion to stay pending bankruptcy is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 23 and 29.

Dated: November 2, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE