**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212)295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

April 16, 2024

**Via ECF**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   RE: *Jean Charles Quarrato, et al. v. Madison Global LLC, et al.*
      Case No. 1:23-cv-5594(LGS)

Dear Judge Schofield:

  This firm represents Plaintiffs Jean Charles Quarrato, Sammy Quarrato and Kawtar Sougrati in the above-referenced matter. We write to respectfully request judicial approval of the parties' settlement agreement, attached hereto as **Exhibit 1** (the "Agreement"), pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). The Agreement resolves the claims of all three Plaintiffs under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the total amount of $50,000.00. As part of this motion, Plaintiffs' counsel requests $16,984.67, which includes (i) $477.00 for the reimbursement of costs and (ii) attorneys' fees of $16,507.67 (i.e., one-third of the total settlement amount after costs). For the reasons outlined below, the Court should approve this $50,000.00 settlement as a fair and reasonable compromise of Plaintiffs' claims against Defendants.

## BACKGROUND

  On June 29, 2023, Plaintiffs filed a Class and Collective Complaint alleging that Defendants Madison Global, LLC d/b/a Nello, Thomas Makkos and Marcia Maksymowcz, (i) failed to pay Plaintiffs the lawful minimum wage, (ii) failed to pay overtime premiums, (iii) improperly retained Plaintiffs' tips, and (iv) failed to provide proper wage notice and wage statements, in violation of the FLSA and/or NYLL. See, (ECF Dkt. No. 1). On September 28, 2023, the Corporate Defendant filed for Chapter 7 Bankruptcy (which was later converted to a Chapter 11 Bankruptcy). The Court later denied Defendants' request to extend the bankruptcy stay to the Individual Defendants.

  This case was referred to the S.D.N.Y. mediation program on September 7, 2023. A mediation session was held on February 13, 2024 with mediator Rachel Nictotra. Following extensive prior negotiations, the parties reach a settlement during the mediation. Thereafter, a formal settlement agreement was negotiated and executed by all parties on April 2, 2024. See **Exhibit 1**.

## THE SETTLEMENT IS FAIR AND REASONABLE

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

A. Plaintiffs' Range of Possible Recovery

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiffs' combined range of possible recovery is between $0 and $594,094.80. In a best-case scenario, assuming that all of the disputed facts alleged by Plaintiffs are entirely correct and that Plaintiffs would prevail on all claims, Plaintiffs' calculation of damages amounts to the following:

**JEAN CHARLES QUARRATO**

| | |
|---|---|
| Unpaid Wages – | $117,118.80 |
| Retained Tips - | $74,800.00 |
| Late Payment of Wages - | $117,568.50 |
| Liquidated Damages - | $8,732.50 |
| Statutory Penalties for Invalid Wage Stmt: | $5,000.00 |
| Statutory Penalties for Wage Notices: | $5,000.00 |
| **TOTAL:** | **$343,219.80** |

**SAMMY QUARRATO**

| | |
|---|---|
| Unpaid Wages – | $20,031.25 |
| Retained Tips - | $15,000 |
| Liquidated Damages - | $20,031.25 |
| Statutory Penalties for Invalid Wage Stmt: | $5,000.00 |
| Statutory Penalties for Wage Notices: | $5,000.00 |
| **TOTAL:** | **$65,062.50** |

**KAWTAR SOUGRATI**

| | |
|---|---|
| Unpaid Wages – | $87,906.25 |
| Liquidated Damages - | $87,906.25 |
| Statutory Penalties for Invalid Wage Stmt: | $5,000.00 |
| Statutory Penalties for Wage Notices: | $5,000.00 |
| **TOTAL:** | **$185,812.50** |

See, **Exhibit 2** for Plaintiffs' assumptions and calculation of damages. Thus, total damages for unpaid wages and retained tips amounts to $314,856.30. The $50,000 settlement amount to Plaintiffs therefore provides a recovery of approximately 16% of Plaintiff's best-case, owed wages, not including liquidated damages and penalties, or 8.4% including liquidated damages and penalties. Courts have routinely approved settlements with similar or lower percentage recoveries, especially where, as here, there are significant risks associated with continued litigation. *See, e.g.*, *Axelrod v. Posigen CT LLC,* 3:22-cv-440 (JCH), 2022 U.S. Dist. LEXIS 238612 (D.Conn. Nov. 7, 2022) (approving settlement with 2.78% recovery, stating, "courts typically do not let the percentage of recovery impede approval, because the parties are generally better-positioned to judge the reasonableness of the settlement amount"); *Redzepagic v. Hammer*, No. 14-cv-9808, 2017 U.S. Dist. LEXIS 70424, 2017 WL 1951865, at *1 (S.D.N.Y. May 8, 2017) (approving settlement where plaintiff recovered $49,080.82 and plaintiff's best case recovery was estimated to be $323,000, *not* including liquidated damages); *Flores v. M Culinary Concepts, Inc*, 19-cv-1229 (ER), 2019 U.S. Dist. LEXIS 210771 (S.D.N.Y. Dec. 6, 2019) (approving settlement that provided for 6.98% of the estimated maximum recovery); *Penafiel v Rincon Ecuatoriano, Inc.*, 2015 U.S. Dist. LEXIS 160352 (S.D.N.Y. Nov. 30, 2015) (approving a $21,000 net recovery for plaintiff where best case damages were estimated to be $522,389.30, due, in part to significant concerns over the collectability of any judgment plaintiff could obtained post-trial.) Particularly in light of the litigation risks discussed below, this settlement recovery is a fair and reasonable result.

B. Litigation Costs and Risks

The second and third factors also favor approval as there are significant risks to Plaintiffs should the case not settle.

Defendants maintain that Katwar Sougrati was not an employee of Defendants and therefore is not entitled to any recovery. With respect to Jean Charles Quarrato and Sammy Quarrato, Defendants argue that they worked significantly fewer hours than what is alleged in the complaint, and were at all times paid in accordance with the requirements under the NYLL and FLSA. In support of this contention, Defendants produced detailed time and pay records. Moreover, with respect to Plaintiffs' late payments claim, there is a high degree of uncertainty and conflicting legal opinions over whether a private right of action exists. There is similar uncertainty over whether Plaintiffs have Article III standing with respect to their WTPA claims.

Perhaps most importantly, Defendants brought counterclaims against Plaintiffs for unpaid rent. As part of this settlement, defendants agreed to release such claims against the Plaintiffs. Defendants were seeking over $80,000 in unpaid rent through their counterclaims. Thus, if the case does not settle, Plaintiffs would have significant legal exposure. Furthermore, Plaintiffs may be responsible for legal fees relating to the defense of the counterclaims.

Finally, Nello recently closed and the Corporate Defendant is in bankruptcy. There is thus a high risk that Plaintiffs would be unable to collect on a judgment even if they were to prevail at trial. In fact, as part of negotiations, a payment plan was required due to the individual defendants' precarious financial situation.

Accordingly, Plaintiffs believe it to be in their best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of trial. Plaintiffs believe that the settlement amount is a fair result, accounting for a significant percentage of the alleged damages owed, while eliminating the burdens and risks of trial.

### C. Arm's-Length Bargaining and Lack of Fraud or Collusion

The fourth and fifth factors also weigh in favor of approval. Plaintiffs' counsel and Defendants' counsel have negotiated at arm's length over the course of this litigation. This matter was eventually settled with this assistance of a court appointed mediator. In addition, both parties' counsel have significant experience handling wage and hour claims. Moreover, the settlement is the product of arm's-length bargaining as the settlement amount represents a significant percentage of Plaintiff's potential recovery considering the risks discussed above.

Further, the red-flag issues identified in *Cheeks* are not present here. The Agreement does *not* contain an overly broad general release, a confidentiality provision. See **Exhibit 1**. The agreement does contain a mutual non-disparagement clause; however, it provides a carve-out for truthful statements concerning their experience litigating this Action and the facts underlying their claims. Moreover, as will be discussed below, Plaintiffs' counsel's requested attorneys' fees are not excessive as they seek one-third of the settlement, which is frequently approved in FLSA cases.

Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiffs respectfully request that the Court find that the Agreement is a "fair and reasonable" compromise of their FLSA claims against Defendants and approve the settlement.

### D. Allocation of Settlement Amount

Plaintiffs Jean Charles Quarrato and Kawtwar Sougrati are Plaintiff Sammy Quarrato's father and mother, respectively. Given the familial relationship, the risk of conflicts between the Plaintiffs is reduced. Nonetheless, the allocation of the settlement amount between the Plaintiffs is as follows: $20,139.34 to Plaintiff Jean Charles Quarrato; $3,631.70 to Sammy Quarrato; and $9,244.30 to Kawtar Sougrati. These amounts were calculated based on Plaintiffs' estimated respective damages as a percentage of total estimated damages. Namely, Plaintiff Jean Charles Quarrato is receiving 61%, Sammy Quarrato is receiving 11%, and Kawtwar Sougrati is receiving 28% of the total settlement after the deduction of attorney's fees and costs. The basis for the allocation was explained to each plaintiff and each provided their informed consent.

### THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

Plaintiffs further seeks approval of attorneys' fees and costs. The Agreement provides that Plaintiffs' counsel will recover $16,984.67, equaling (i) $477.00 in costs and (ii) $16,507.67 in attorneys' fees, which is one-third (1/3) of the $50,000.00 settlement amount after deduction of the $477.00 in costs. See **Exhibit 1**, Section 1.c. The amount requested for attorneys' fees is fair and reasonable as it the fee agreed upon by Plaintiffs in their retainer agreement (one-third), and a

contingency fee of one-third is generally sufficient to account for the risks associated with representation.

Plaintiffs' counsel has worked without any compensation to date, and Plaintiffs' counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiffs' counsel has spent approximately 61.1 hours investigating, researching, and litigating Plaintiffs' claims; and negotiating and executing the settlement, for a lodestar of $24,440. See **Exhibit 3** for Plaintiffs' counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Plaintiffs' counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Lastly, Plaintiffs' counsel expended $477.00 on the ECF filing fee, and for service of process. See. **Exhibit 3**. These costs are commonly reimbursed by courts in this District. See e.g., Chamoro v. 293 3rd Cafe Inc., No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiffs' counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

*          *          *

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

                        Respectfully submitted,

                        */s/ William Brown*

                        William Brown, Esq.
                        wbrown@bkllawyers.com

cc:    all parties via ECF